SO ORDERED: May 15, 2006.

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NICHOLAS R. NANCE | ) | CASE NO. 05-27599-AJM-13 |
| TONIA S. NANCE | ) | |
| | ) | |
| Debtors | ) | |

**ORDER GRANTING CREDITORS' MOTION TO DISMISS**

This matter is before the Court, in part, upon the motion filed by creditors Michael J. Pettijohn, Central Indiana Sand & Gravel, LLC, Pettijohn & Sons, Inc., Gravel Conveyors, Inc., and Miami Sand & Gravel, LLC ("Miami") (these creditors collectively to be referred to as the "Objecting Creditors") to dismiss this chapter 13 case. Hearing on the matter was held on March 28, 2006 wherein Ralph Sipes appeared for the Objecting Creditors; James Gillespie appeared for the Debtors.  The Court heard arguments on the matter and took ruling on the matter under advisement.  This order constitutes findings and conclusions to the extent required under Rule 7052 of the

1

Federal Rules of Bankruptcy Procedure. The Objecting Creditors base their dismissal motion on several factors but the one that the Court bases dismissal on is the Debtors' filing of this case while their previously - filed chapter 7 case was still pending.

## *Background*

The Debtors filed their chapter 7 case on February 19, 2004 (the "Chapter 7 Case"). The Objecting Creditors obtained judgments against the Debtors pre petition and were listed, among other creditors, in the Chapter 7 Case as holding unsecured, nonpriority claims.¹ June 14, 2004 was established as the deadline by which to file complaints to determine dischargeability under §523 and the Objecting Creditors filed their complaint under §523 on that date (the "Nondischargeability Action"). The Nondischargeability Action was based on 11 U.S.C. §§§523(a)(2), (4) and (6). The Objecting Creditors also argued that the Debtors were estopped from relitigating the issues that had been tried in state court. The Debtors received a discharge in the Chapter 7 Case four days later, on June 18, 2004. Because the Nondischargeability Action was still pending at that point, the Chapter 7 Case was not closed.

Despite the pendency of their Chapter 7 Case and the Nondischargeability Action, the Debtors filed this chapter 13 case on October 13, 2005. The Objecting Creditors were listed on the chapter 13 schedules and ironically, it appears that they are the only creditors that were listed on *both* the chapter 7 and chapter 13 schedules.

---

¹ "Central Indiana Sand & Gravel" was listed as the holder of a "judgment rendered 02/04/2004 in 48D01-0305-CC-00426" in the amount of $35,479.83. "Gravel Conveyors, Inc. " was listed as the holder of a "judgment rendered 02/05/2004 in 48 DO1-0305-CC-00426" in the amount of $15,677.84. "Miami Sand & Gravel, LLC" was listed as the holder of a "judgment under Cause #48 DO1-0108-CP-0662" in the amount of $21,129.58. "Pettijohn & Sons, Inc." was listed as the holder of a "judgment rendered 02/04/2004 in 48D01-0305-CC-004426" (sic) in the amount of $5183.10. *None* of these debts were listed as disputed, contingent or unliquidated.

The Objecting Creditors moved for summary judgment in the Nondischargeability Action on March 15, 2005. At a status conference on the matter, Judge Lorch indicated that a ruling on the motion would be forthcoming upon the request in this chapter 13 case to lift the stay so that a ruling can be entered. The Objecting Creditors obtained relief from stay in this chapter 13 case on January 19, 2006. The Nondischargeabilty Action continues to pend and therefore the Chapter 7 Case has not been closed. No proceedings in the Chapter 7 Case have occurred since June 18, 2004 when the chapter 7 discharge was entered.

### *Discussion*

Here, the Debtors filed this chapter 13 case while their chapter 7 case was still pending. The Debtors had received a chapter 7 discharge of their dischargeable debts, but the dischargeability of the Objecting Creditors' claims in the Chapter 7 Case was still and continues to pend and the Chapter 7 Case remains open.

The propriety of simultaneous bankruptcy filings was recently addressed by the Seventh Circuit Court of Appeals in *In re Sidebottom,* 430 F.3d 893,896-97 (7th Cir. 2005). There, the court distinguished between a "sequential chapter 20" and a "simultaneous chapter 20". The "sequential chapter 20" – where a debtor files a chapter 13 case *after his chapter 7 case is discharged and closed* – is generally permitted and some courts even allow sequential chapter 20's to allow a debtor to file a chapter 13 to" reorganize the debts that survived the chapter 7 discharge" *Sidebottom*,

3

430 F.3d at 897-98. [2] Not permitted, however, was the "simultaneous chapter 20" which is what occurred in Sidebottom and what we have here – the chapter 13 case was filed while the chapter 7 nondischargeability action was still pending. Both the Debtors here and the debtor in *Sidebottom* had received a chapter 7 discharge, but the chapter 7 case remained open pending the resolution of the nondischargeability matter.

Noting that the bankruptcy appellate panel for the Second Circuit Court of Appeals and a majority of other courts took a strict approach to the propriety of "simultaneous chapter 20's",[3] the court in *Sidebottom* held that the debtor there could not maintain a chapter 13 case while his chapter 7 case was still pending. ("In our opinion, the Second Circuit's BAP and the majority of other courts have the better of this debate") 430 F.3d at 898-99. This strict approach appears to apply when a debtor files a new chapter 13 case while an existing chapter 7 case is still pending because the chapter 7 nondischargeability matter has not been decided. It appears to make no difference that the only creditors common to both the Chapter 7 Case and the chapter 13 case here were the Objecting Creditors; the Debtors nonetheless should have waited to file a chapter 13 case until after the Nondischargeability Action was resolved and the Chapter 7 Case closed. Because the facts here are analogous to those in *Sidebottom*, this Court finds that this chapter 13 case should be dismissed and therefore GRANTS the Objecting Creditors' motion.

---

[2] Such was the case under the law before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Under BAPCPA, debtors must wait four years to file a chapter 13 case after receiving a chapter 7 discharge.

[3] See, *In re Turner*, 207 B.R. 373 (2nd Cir. BAP 1997).

4

Accordingly, this chapter 13 case is DISMISSED.

# # #

Distribution:

Attorney for Objecting Creditors
Attorney for Debtors
Chapter 13 Trustee
United States Trustee